UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STEVEN PRAKEL, | ) | |
| CAROLYN PRAKEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | 4:12-cv-45-SEB-WGH |
| THE STATE OF INDIANA, | ) | |
| BRENT E. DICKSON, | ) | |
| INDIANA SUPREME COURT, | ) | |
| KIMBERLY A. SCHMALTZ, | ) | |
| JAMES D. HUMPHREY, | ) | |
| JONATHAN N. CLEARY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion to Compel by Plaintiffs, Steven Prakel and Carolyn Prakel. (Docket No. 46). Plaintiffs accuse Defendants, State of Indiana, Acting Supreme Court Chief Justice Brent E. Dickson, Indiana Supreme Court Division of State Court Administration, Magistrate Judge Kimberly A. Schmaltz, and Judges James D. Humphrey and Jonathan N. Cleary, of violating Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Title II"), and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("section 504"), by failing to provide interpreter services for Mr. Prakel, who is hearing impaired, during his mother Ms. Prakel's hearings in the Dearborn

1

County Superior and Circuit Courts.  For the reasons set forth below, Plaintiffs' Motion is **GRANTED in part**.

I.     **Privilege Log**

Plaintiffs allege that Defendants have failed to produce a privilege log, despite repeated assertion of attorney-client, work-product, or deliberative process privilege in their responses to requests for production or interrogatories.[1]  (Plaintiffs' Brief at 2).  If a party seeks to protect materials from discovery under either attorney-client or work-product privilege, that party must produce a privilege log with enough information for the opposing party and court to determine whether privilege should apply.  FED. R. CIV. P. 26(b)(5)(A)(ii); see Jones v. Hamilton Co. Sheriff's Dep't, 2003 WL 21383332, at *4 (S.D. Ind. 2003).  The log must generally contain:

> (1) the name and job title or capacity of the author(s)/originator(s);
> (2) names of person(s) receiving document or copy, and their affiliation with the producing party;
> (3) general description of the document by type; and
> (4) the date and subject matter of the communication.

Jones, 2003 WL 21383332, at *4 (citations omitted).

Plaintiffs have requested, among other requests, for "any and all documents pertaining in any way to Steven [or Carolyn] Prakel" (Plaintiffs' Ex. 2 at 2) and documents that discuss policies of providing services for deaf or hard of hearing individuals.  (Id. at 1-2).  These questions are likely to lead to the discovery of relevant information—Defendants' treatment of Plaintiffs'

---

[1] Defendants did not file a response brief, so the court treats Plaintiffs' assertions as undisputed for the purposes of this Motion.

2

requests and their compliance with the relevant federal laws with respect to court access for deaf individuals—and thus are appropriate for discovery. FED. R. CIV. P. 26(b)(1). Plaintiffs have also requested documents related to the budgeting for interpreters and other auxiliary services for the deaf, as they pertain to Defendants' affirmative defense of fundamental alteration. (Plaintiffs' Ex. 2; Brief at 7-8). Defendants have withheld documents on similar privilege grounds, despite the facial materiality of such requests.

Plaintiffs have requested a privilege log on seven previous occasions, and Defendants have failed to produce a log. (Plaintiffs' Brief at 8). Defendants are therefore compelled to submit a privilege log within 15 days of this Order, or the court may deem any privilege asserted waived. *See Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007).

## II. Discovery on Defendants' Affirmative Defense and Receipt of Federal Assistance

Defendants have admitted that the Indiana Supreme Court receives some federal assistance, but that Dearborn Circuit and Superior Courts ("Dearborn Courts") do not, except for the education program for the Juvenile Detention Center, which is overseen by the Circuit Court. (Plaintiffs' Ex. 3 at 1-2). Plaintiffs claim discovery "is needed to determine the identity of the grants and which federal agency administered the grant, in order to determine whether the grant is federal assistance." (Plaintiffs' Brief at 11). Defendants have failed to turn over documents detailing the federal assistance, on the grounds that they have not been able to determine whether any of the federal funds received by

3

the State of Indiana "passed through" to the Dearborn Courts. (*See* Plaintiffs' Ex. 4 at 1-2; Ex. 5 at 1). This information is essential to ascertain whether Plaintiffs have a valid section 504 claim against Magistrate Judge Schmaltz or Judges Cleary and Humphrey, since entities receiving federal funding are automatically subject to section 504's requirements. *See* 29 U.S.C. § 794(a).

As discussed *supra*, Plaintiffs claim that Defendants have not produced documents relating to their affirmative defenses of undue burden and fundamental alteration. (Plaintiffs' Brief at 1). Defendants have abandoned the undue burden defense (*see* Docket No. 48 at 2), but under Title II, fundamental alteration may only be asserted after the head of an agency has determined in writing that providing interpreters or reimbursement would result in such an alteration. 28 C.F.R. § 35.164. Thus, any documents regarding a written determination are essential for Plaintiffs to evaluate the affirmative defense, and are within Rule 26's scope.

As Plaintiffs point out, Defendants have had more than six months since Plaintiffs' initial Request for Production and Interrogatories to produce these documents. With discovery set to close in less than 30 days, Defendants cannot further delay in turning over records to allow Plaintiffs to determine whether Dearborn Courts directly or indirectly received federal funding, or whether a written determination of fundamental alteration was ever made by an agency head. Defendants will have 15 days from the docketing of this Order to produce all documents that relate to either federal funding that Dearborn

4

Courts may have received or to the Defendants' fundamental alteration affirmative defense. If Defendants are unable to comply with this Order, they must designate an official to be deposed under Rule 30(b)(6) so that Plaintiffs may obtain the desired nonprivileged information.

### III.    Sanctions

Plaintiffs have asked the court to award "fees and costs related to the preparation and filing of this Motion." (Plaintiffs' Motion at 2). The court has broad discretion to impose sanctions for noncompliance with discovery orders, FED. R. CIV. P. 37(b)(2), but uses these sanction measures as a last resort for repeated noncompliance, and declines to award costs or fees at this point. However, failure to comply with this Order may subject Defendants to sanctions, including but not limited to: waiver of any claim of privilege; striking of their affirmative defense; and awarding of reasonable attorneys' fees to Plaintiffs' counsel.

### IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel (Docket No. 46) is **GRANTED in part**. Defendants will have 15 days to produce a privilege log and either produce all documents relating to their defense of fundamental

alteration and Dearborn Courts' receipt of federal funding, or designate a representative for a Rule 30(b)(6) deposition.[2]

   **IT IS SO ORDERED** the 21st day of May, 2013.

                  _____
                  William G. Hussmann, Jr.
                  United States Magistrate Judge
                  Southern District of Indiana

**Electronic distribution to all ECF-registered counsel of record.**

---

[2] Because Defendants' response to this Order may impact the court's ruling on Defendants' Motion for Protective Order (Docket No. 40), the court defers any decision on that motion until a later date.