IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
Civil Action No.: 4:12-cv-45-SEB-WGH

| | |
|---|---|
| **STEVEN PRAKEL et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **STATE OF INDIANA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE AND OTHER DOCUMENTS RECENTLY FILED BY PLAINTIFFS**

Steven Prakel is a deaf individual who wanted to attend his mother's court appearances in order to provide emotional and moral support to her and in order to understand the proceedings against her. However, Defendants refused to provide the needed interpreters, and refused to redress the judiciary's denial of the Prakel's civil rights. Plaintiffs allege that these acts amount to intentional discrimination in violation of Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In the Complaint, Plaintiffs named as Defendants all those they believed to be culpable for the violation of their civil rights, including those individuals who had responsibility for establishing policies pursuant to the ADA and section 504 to prevent the very harm that befell Plaintiffs, and whose failure to act resulted in injury to Plaintiffs.

Because Defendants blatantly violated discovery rules and needlessly increased the costs of litigation by providing discovery responses so bereft of content that they literally included a fill in the blank, Plaintiffs filed a Motion to Compel. The Court, after the time for response had

passed, entered an Order on Plaintiffs' Motion to Compel, directing Defendants to produce a privilege log and responsive documents or in the alternative to submit to a Rule 30(b)(6) Document.  Order on Plaintiffs' Motion to Compel [Doc. No. 49].  Thereafter, Defendants improperly filed a brief in opposition to Plaintiffs' Motion to Compel [Doc. No. 50].  Defendants did not seek reconsideration.  Instead, Defendants filed the brief "for informational purposes" indicating that they had drafted the response brief but allegedly forgot to file it.  This allegation does not bear further discussion.  Defendants untimely "informational" brief was improper and as such should be stricken from the record.

In Response to Plaintiffs' Motion to Strike, Defendants filed a document titled Response to Motion to Strike and Other Documents Recently Filed by Plaintiffs.  Defendants' Response Brief offers no viable defense to Plaintiffs' Motion to Strike.  However, reply is required to correct a few critical misstatements by Defendants and to provide the notice that Defendants have not produced any responsive documents in response to this Court's order and therefore should submit to the Rule 30(b)(6) deposition that this Court ordered in the alternative.

First, Defendants continue to deny Plaintiffs' need for and right to conduct depositions in this matter.  Still pending before the Court is Defendants' Motion for Protective Order [Doc. No. 40] seeking to prevent Plaintiffs from conducting *any* depositions in this case.  Plaintiffs strenuously objected to Defendants' Motion for Protective Order and both sides offered briefing and await the Court's decision.  Yet, in its Response to Plaintiffs' Motion to Strike, Defendants make argument suggesting that there is no further need for deposition.  This is blatantly untrue and cannot go uncorrected.

The purpose of discovery is to allow the parties the opportunity to obtain evidence to support their claims and counter the claims of the Defendants.  In federal court, the scope of

discovery is broadly construed to include "any matter, not privileged, that is relevant to the claim or defense of any party." *See Sanyo Laser Prod. v. Arista Records, Inc.*, 214 F.R.D. 496, 498 (S.D. Ind. 2003) (*citing Davenport v. Indiana Masonic Home Foundation, Inc.*, 2003 U.S. Dist. LEXIS 6350, 2003 WL 1888986 at *3 (S. D. Ind. Mar. 27, 2003)). Indeed, "broad discovery" is "the norm." *Sanyo*, 214 F.R.D. at 500. Furthermore, the burden is on Defendants to show good cause for entry of a protective order and Defendants have not met this burden. *See id.* at 503.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, parties are entitled to conduct depositions by oral examination without leave of Court, yet Plaintiffs have not been permitted to conduct a single deposition in this case on matters directly relevant to the claims asserted. This is an extraordinary departure from the ordinary conduct of litigation. While Defendants now appear to concede that there are no defenses available to them in this action, Plaintiffs must still establish their claims and the depositions are intended to yield information directly relevant to the claims alleged. Specifically, Plaintiffs must establish a prima facie case of discrimination against Defendants in order to prevail. In order to obtain damages against Defendants, Plaintiffs must show that the Defendants' acts or failures to act were intentional. *E.g.*, *Love v. Westville Correctional Ctr.*, 103 F.3d 558, 561 (7th Cir. 1996) (citing *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 830 n.9 (4th Cir. 1994)); *see also, e.g.*, *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011) (collecting cases); *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 826 (D. Md. 1998) (holding that when a covered entity "is on notice of the requirements of the Act and intentionally opts to provide a lesser accommodation, compensatory damages are available."). Plaintiffs have repeatedly asked Defendants whether they would stipulate that they intentionally denied needed auxiliary aids and services, but Defendants have not agreed to such stipulation. Ex. A, Affidavit of Mary C. Vargas. Therefore,

discovery remains critical to Plaintiffs' ability to obtain the relief sought, and the denial of any opportunity to conduct routine discovery and deposition of the parties would be highly irregular.

Second, Defendants fundamentally misperceive the reasons Plaintiffs filed the Notice of Supplementation advising the Court of the occurrence of the deposition of Judge Scopelitis. The parties are all agreed that Judge Scopelitis is not a defendant in this action. However, the parties are not agreed as to whether judges may be deposed in a case alleging violation of federal disability rights statutes. Plaintiffs in *Virginia Means, et al. v. St. Joseph's County Commissioners, et al.*, Case Number 3:10-CV-0003, which was filed and remains pending in the Northern District of Indiana, obtained the deposition of Judge Scopelitis, a county judge employed by the very same State entities who are Defendants in this matter. The fact that Judge Scopelitis was deposed in a case alleging that the court system denied court access to individuals with disabilities, is relevant insofar as it demonstrates the reality that judges most certainly can be and have been deposed contrary to Defendants' claims here.

Third, Plaintiffs require discovery on the relationship between the state and county courts. Defendants repeatedly state that they are wrongly being held responsible for failing to ensure access to the court system, yet refuse to permit discovery that would shed light on this claim. Defendants' Response makes clear that it intends to argue standing issues with respect to the State Defendants. This further underscores the need for Plaintiffs to conduct a 30(b)(6) deposition as originally outlined in Plaintiffs' Notice of Deposition. Plaintiffs are entitled to more than Defendants self-serving statements that they are not proper defendants. Plaintiffs are entitled to conduct depositions, under oath, to ask these questions that are critical to understanding the relationship between the parties and their legal obligations, and to obtaining

the relief sought; the burden is on Defendants to show entitlement to a protective order. See *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003).

Since discovery remains necessary, and Defendants have not produced documents in response to this Court's order on Plaintiffs' motion to compel, this Court should order Defendants to submit to a Rule 30(b)(6) deposition – the alternative that this Court identified in its order in the event that Defendants did not produce any documents.

## Conclusion

Defendants have repeatedly made statements about Plaintiffs trying to make this case larger than it is. For Steven Prakel and his mother, as for most individuals in the United States, the ability to access the courts is no small thing; it is fundamental to our justice system. Defendants are the gatekeepers to that system and are accused of denying Plaintiffs equal access to the courts on the basis of disability in violation of federal civil rights laws. They are no more entitled to special treatment as Defendants than they are entitled to choose who gets to access their courts. While this issue may appear small to Defendants, it looms large for Plaintiffs and merits respectful conduct by all parties, particularly those who are themselves the arbiters of justice.

For the reasons described, Plaintiffs' Motion to Strike should be granted. The "informational" brief [Docket 50] should be stricken from the record. Further, since Defendants have utterly failed to produce a privilege log or any of the other documents that this Court ordered Defendants to produce, this Court should order Defendants to submit to a Rule 30(b)(6) order, consistent with its Order on Plaintiffs' Motion to Compel [Doc. No. 49] at 5-6. Lastly, Plaintiffs continue to seek denial of Defendants' Motion for Protective Order so that Plaintiffs'

5

may conduct necessary depositions *as noticed* and on all matters relevant to the claims and defenses asserted, forthwith.

                Respectfully submitted,

\_\_/s/ Mary C. Vargas\_\_\_\_
Mary Vargas
Michael Stein
Stein & Vargas, LLP
5100 Buckeystown Pike
Suite 250
Frederick, MD 21704
Tel: (240) 793-3185
Fax: (888) 778-4620
mary.vargas@steinvargas.com


Matthew Lorch
Lorch Law Office LLC
223 E. Spring Street
New Albany, IN 47150
Tel: (812) 949-2111
Fax: (502) 805-0482
matthew@lorchlaw.com


Debra Patkin
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Tel: (301) 587-1788
Fax: (301) 587-1791
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2013, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                                                 ____/s/ Mary C. Vargas_____